UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL ALVIN REARICK,

    Petitioner,      Case No. 1:16-cv-807

v.      Honorable Robert J. Jonker

SHANE JACKSON,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. On October 6, 2014, Petitioner Michael Alvin Rearick entered a plea of guilty to one count of first-degree criminal sexual conduct (CSC-I), MICH. COMP. LAWS § 750.520b(1)(a), in the Kent County Circuit Court. Petitioner is presently serving a sentence of 25 years to 37 years, 6 months at the Earnest C. Brooks Correctional Facility in Muskegon Heights, Michigan. Petitioner raises two grounds for relief in his habeas petition:

    I.     WERE DEFENDANT'S STATE AND FEDERAL CONSTITUTIONAL RIGHTS VIOLATED WHEN HE WAS COERCED INTO TAKING A PLEA BECAUSE HIS ATTORNEY WAS NOT PAYING ANY ATTENTION TO HIS CASE AND DID NOT MAKE IT CLEAR TO HIM THAT HE WOULD RECEIVE A MANDATORY 25 YEAR MINIMUM SENTENCE?

    II.     IS MR. REARICK ENTITLED TO RESENTENCING WHERE THE SENTENCING GUIDELINES WERE MISSCORED IN VIOLATION OF THE STATE AND FEDERAL DUE PROCESS RIGHT TO SENTENCING BASED UPON ACCURATE INFORMATION AND TRIAL DEFENSE COUNSEL WAS INEFFECTIVE FOR FAILING TO CHALLENGE THE SCORING?

(Mem., ECF No. 2, PageID.17, 20.) Upon review and applying the standards required by the Antiterrorism and Effective Death Penalty Act of 1996, PUB. L. 104-132, 110 STAT. 1214 (AEDPA), I find that all habeas grounds are without merit. Accordingly, I recommend that the petition be denied.

## **Procedural and Factual Background**

Petitioner was charged with one count of digital/vaginal penetration of his eight-year-old granddaughter while she was sleeping at his home at some point during a period beginning June 1, 2013 and ending March 5, 2014. Petitioner entered a plea of guilty to that charge on October 6, 2014. (Plea Hr'g Tr., ECF No. 10-2.) At the beginning of the plea proceeding, the court advised Petitioner of the consequences of his plea:

> THE COURT: If you plead guilty or are found guilty as a result of trial, the maximum possible sentence that can be imposed is any term of years up to life imprisonment. There is a mandatory minimum of 25 years in prison. In addition, upon release, there is the requirement that you be placed on a tether for life. Do you understand that?
>
> THE DEFENDANT: Yes.
>
> THE COURT: If your plea is accepted, you're not going to have a trial of any kind, and therefore, you give up the rights you would have at the trial including the following rights: The right to trial by jury, the right to be presumed innocent until proved guilty, to have the prosecutor prove beyond a reasonable doubt that you are guilty, the right to have the witnesses against you appear at trial, to question the witnesses against you, to have the Court order any witnesses you have for your defense to appear at trial, the right to remain silent during the trial, to not have your silence used against you, and to testify at the trial if you want to testify.
>
> If I accept your plea, you're giving up any claim now or in the future that it wasn't your own choice to plead, or that you

>                   only pled because of some kind of promise or threat that
>                   wasn't put on the record in open court.
>
>                   Finally, because you choose to plead, if later you want to
>                   appeal your plea or sentence, you can only do that if the Court
>                   of Appeals gives you permission.
>
>                   Now, do you understand these rights?
>
> THE DEFENDANT:    Yes, I do.
>
> THE COURT:        Have you any questions about your rights?
>
> THE DEFENDANT:    No, I don't.
>
> THE COURT:        Do you give up these rights so you can plead guilty?
>
> THE DEFENDANT:    Yes.

(*Id.*, PageID.140.) Petitioner was sentenced on October 30, 2014 to 25 years to 37 years, 6 months' imprisonment. (Sentencing Tr., ECF No. 10-3.) Petitioner's counsel presented arguments regarding the scoring of the guidelines (*Id.*); however, a conviction of CSC-I where the victim is under the age of 13 years and the perpetrator is over the age of 17 years carries a mandatory minimum sentence of 25 years imprisonment. MICH. COMP. LAWS § 750.520b(2)(b).

Petitioner's appointed appellate counsel filed a motion asking the trial court to permit Petitioner to withdraw his plea because he did not know there was a 25-year mandatory minimum sentence and asking for resentencing because the guidelines scoring was based on facts that were not subjected to an adversarial hearing.[1] (Mot. Hr'g Tr., ECF No. 10-4, PageID.149.) Petitioner's

---

[1] Petitioner's appellate counsel acknowledged that Michigan law at the time of Petitioner's sentencing permitted the court to sentence based on such untested facts. (Mot. Hr'g Tr., ECF No. 10-4, PageID.149.) She presented the argument to preserve the issue should the law change based on the case then pending in the Michigan Supreme Court, *People v. Lockridge*. (*Id.*) Although the Michigan Supreme Court's decision changed the law relating to the sentencing guidelines, it did not change it in a way that would preclude the trial court from relying on the facts it relied upon in Petitioner's case. *People v. Lockridge*, 870 N.W.2d 502 (Mich. 2015)

counsel recognized that the court had advised Petitioner of the 25-year mandatory minimum before he entered his plea. (*Id*.) Petitioner's counsel also admitted that no matter how the guidelines were scored, it would not reduce Petitioner's mandatory minimum sentence of 25 years. (*Id*., PageID.150.) The court denied Petitioner's request to withdraw his plea because the court had clearly informed Petitioner of the 25-year mandatory minimum prior to accepting Petitioner's plea. (*Id*.) The court also refused to resentence Petitioner because guidelines scoring changes would not change Petitioner's sentence. (*Id*.) Nonetheless, the court reviewed the scoring and affirmed its prior decision with respect to Offense Variables 10 and 13, but reduced Petitioner's scoring with regard to Offense Variable 3. (*Id*., PageID.150-151.) That relief did not change Petitioner's sentence.

Petitioner filed an application for leave to appeal in the Michigan Court of Appeals raising the same two issues he had raised in his post-judgment motion in the trial court. (Appl. for Leave to Appeal, ECF No. 10-5, PageID.156-169.) Along with his application, Petitioner filed an affidavit that stated:

> 4) He had no idea that he was essentially pleading to a life sentence. Had he known that he would get a mandatory 25 year sentence he would have gone to trial and argued that there was no penetration in any of the alleged incidents.
>
> 5) He had no prior convictions and no experience with the court system. He is very remorseful for his actions, but he does not believe that there was any penetration involved in his offenses. His attorney never made it clear to him that he would be pleading to a 25 year sentence.
>
> 6) Had he not been coerced by his attorney's statements and his attorney's ineffective assistance he would have gone to trial.
>
> 7) At the plea proceeding he was instructed to say what he said by his attorney and did so because he was coached and coerced.

(Aff., ECF No. 10-5, PageID.171.) The court of appeals denied leave by order entered December 8, 2015. (Mich. Ct. App. Ord., ECF No. 10-5, PageID.153.)

Petitioner raised the same issues by application for leave to appeal filed in the Michigan Supreme Court. (Appl. for Leave to Appeal, ECF No. 10-6, PageID.187-191.) That court denied leave initially by order entered May 24, 2016 (Mich. Ord, ECF No. 10-6, PageID.186) and on reconsideration by order entered September 6, 2016 (Mich. Ord. ECF No. 10-6, PageID.220.)

Petitioner filed his habeas petition, raising the same two issues he had raised in the Michigan appellate courts on June 24, 2016. (Pet., ECF No. 1.) Petitioner has failed to raise a meritorious federal claim.

## **Standard of Review**

This action is governed by the Antiterrorism and Effective Death Penalty Act of 1996, PUB. L. 104-132, 110 STAT. 1214 (AEDPA). *See Penry v. Johnson*, 532 U.S. 782, 792 (2001). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). The AEDPA has "drastically changed" the nature of habeas review. *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

This standard is "intentionally difficult to meet." *Woods v. Donald*, 575 U.S. __, 135 S. Ct. 1372, 1376 (2015) (internal quotation marks omitted).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This Court may consider only the "clearly established" holdings, and not the dicta, of the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Bailey*, 271 F.3d at 655. In determining whether federal law is clearly established, the Court may not consider the decisions of lower federal courts. *Lopez v. Smith*, 135 S. Ct. 1, 3 (2014); *Bailey*, 271 F.3d at 655. Moreover, "clearly established Federal law" does not include decisions of the Supreme Court announced after the last adjudication of the merits in state court. *Greene v. Fisher*, 132 S. Ct. 38 (2011). Thus, the inquiry is limited to an examination of the legal landscape as it would have appeared to the Michigan state courts in light of Supreme Court precedent at the time of the state-court adjudication on the merits. *Miller v. Stovall*, 742 F.3d 642, 644 (6th Cir. 2014) (citing *Greene*, 132 S. Ct. at 44).

A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in the Supreme Court's cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts. *Bell*, 535 U.S. at 694 (citing *Williams*, 529 U.S. at 405-06). "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Woods*, 2015 WL 1400852, at *3 (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)). In other words, "[w]here the precise contours of the right remain unclear, state courts enjoy broad discretion in their adjudication of a

prisoner's claims." *White v. Woodall*, 572 U.S. ___, 134 S. Ct. 1697, 1705 (2014) (quotations marks omitted).

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003); *Bailey*, 271 F.3d at 656. This presumption of correctness is accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989).

## Discussion

### I. The validity of Petitioner's plea

A valid guilty plea bars habeas review of most non-jurisdictional claims alleging antecedent violations of constitutional rights. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Among claims not barred are those that challenge "the very power of the State to bring the defendant into court to answer the charge against him," *Blackledge v. Perry*, 417 U.S. 21, 30 (1974), and those that challenge the validity of the guilty plea itself. *See Hill v. Lockhart*, 474 U.S. 52, 58 (1985); *Haring v. Prosise*, 462 U.S. 306, 320 (1983); *Tollett*, 411 U.S. at 267.

The test for determining a guilty plea's validity is "'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)). Courts assessing whether a defendant's plea is valid look to "all of the relevant circumstances surrounding it," *Brady v. United States*, 397 U.S. 742, 749 (1970).

In order to find a guilty plea constitutionally valid, several requirements must be met. The defendant pleading guilty must be competent, *see Brady*, 397 U.S. at 756, and must have notice of the nature of the charges against him, *see Henderson v. Morgan*, 426 U.S. 637, 645 n.13 (1976); *Smith v. O'Grady*, 312 U.S. 329, 334 (1941). The plea must be entered "voluntarily," i.e., not be the product of "actual or threatened physical harm, or . . . mental coercion overbearing the will of the defendant" or of state-induced emotions so intense that the defendant was rendered unable to weigh rationally his options with the help of counsel. *Brady*, 397 U.S. at 750; *Machibroda v. United States*, 368 U.S. 487, 493 (1962) ("A guilty plea, if induced by promises or threats which deprive it of the character of a voluntary act, is void."). The defendant must also understand the consequences of his plea, including the nature of the constitutional protection he is waiving. *Henderson*, 426 U.S. at 645 n.13; *Brady*, 397 U.S. at 755; *Machibroda*, 368 U.S. at 493 ("Out of just consideration for persons accused of crime, courts are careful that a plea of guilty shall not be accepted unless made voluntarily after proper advice and with full understanding of the consequences.") (internal quotations and citation omitted). Finally, the defendant must have available the advice of competent counsel. *Tollett*, 411 U.S. at 267-68; *Brady*, 397 U.S. at 756; *McMann v. Richardson*, 397 U.S. 759, 771 & n.14 (1970). The advice of competent counsel exists as a safeguard to ensure that pleas are voluntarily and intelligently made. *Cf. Henderson*, 426 U.S. at 647 ("[I]t may be appropriate to presume that in most cases defense counsel routinely explain the nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit."); *Brady*, 397 U.S. at 754 (suggesting that coercive actions on the part of the state could be dissipated by counsel). Ineffective assistance of counsel will render a plea of guilty involuntary. *See Hill*, 474 U.S. at 56-57.

Here, Petitioner contends his plea was coerced, although he does not explain how. He also claims his plea was unknowing. He contends he was not aware of the 25-year mandatory minimum sentence because his counsel never informed him of it. Petitioner argues that counsel's failure to inform him of the mandatory minimum sentence constitutes ineffective assistance that renders his plea involuntary.

In *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984), the Supreme Court established a two-prong test by which to evaluate claims of ineffective assistance of counsel. To establish a claim of ineffective assistance of counsel, the petitioner must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome. A court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The defendant bears the burden of overcoming the presumption that the challenged action might be considered sound trial strategy. *Id.* (citing *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)); *see also Nagi v. United States*, 90 F.3d 130, 135 (6th Cir. 1996) (holding that counsel's strategic decisions were hard to attack). The court must determine whether, in light of the circumstances as they existed at the time of counsel's actions, "the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. Even if a court determines that counsel's performance was outside that range, the defendant is not entitled to relief if counsel's error had no effect on the judgment. *Id.* at 691.

The two-part *Strickland* test applies to challenges to guilty pleas based on ineffective assistance of counsel. *Hill*, 474 U.S. at 58. Regarding the first prong, the court applies the same standard articulated in *Strickland* for determining whether counsel's performance fell below an objective standard of reasonableness. *Id.* In analyzing the prejudice prong, the focus is on whether counsel's constitutionally deficient performance affected the outcome of the plea process. "[I]n order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id*. at 59.

Here, even if counsel failed to inform Petitioner of the mandatory minimum sentence, Petitioner cannot claim he would not have pleaded guilty if counsel had informed him, because the court informed Petitioner of the mandatory minimum and Petitioner entered a plea of guilty anyway. (Plea Hr'g Tr., ECF No. 10-2, PageID.140.) Thus, Petitioner cannot demonstrate prejudice under *Strickland* and he is not entitled to habeas relief.

Under settled Sixth Circuit authority, Petitioner's responses to the trial judge, given under oath at the plea hearing, preclude a subsequent assertion that the circumstances were different than he represented at the hearing. In *Baker v. United States*, 781 F.2d 85 (6th Cir. 1986), the trial court inquired concerning the terms of any plea bargain, received a response from the prosecutor on the record, and received denials from defense counsel, the prosecutor, and the defendant concerning the existence of any other terms. The Sixth Circuit held that where the trial court has scrupulously followed the required procedure, "the defendant is bound by his statements in response to that court's inquiry." 781 F.2d at 90 (quoting *Moore v. Estelle*, 526 F.2d 690, 696-97 (5th Cir. 1976)). The Sixth Circuit, noting the obvious, observed that a trial judge cannot possibly administer a plea

agreement, if it consists of "secret terms known only to the parties." *Id.* at 90. Furthermore, because defendant's later claim of a secret agreement was negated by the trial record, no evidentiary hearing was required. *Id.* at 92. The court again addressed this issue in *Warner v. United States*, 975 F.2d 1207 (6th Cir. 1992), and *United States v. Todaro*, 982 F.2d 1025 (6th Cir. 1993), also section 2255 cases. In *Todaro*, the defendant attempted to attack his guilty plea, claiming that his attorney had promised him that he would be sentenced to probation if he pled guilty. The defendant had testified at the plea colloquy, however, that no other promises had been made to him, other than those stated in the plea agreement. 982 F.2d at 1026. Consequently, the Sixth Circuit was again faced with a situation in which a defendant's post-conviction allegations were directly contrary to his statements at the plea hearing. Relying on *Baker*, the court reiterated its earlier holding, under which a defendant is bound by his statements in response to the trial court's inquiry, where there has been a careful plea colloquy. In *Warner*, the Sixth Circuit likewise rejected claims of attorney promises in the face of defendant's flat denial of promises at the plea, holding that the petitioner's statements "estopped" him from relying on undisclosed promises. 975 F.2d at 1210. *See also Ramos v. Rogers,* 170 F.3d 560, 565 (6th Cir. 1999) (concluding that "a claim of ineffective assistance of counsel predicated on allegedly misleading information given by counsel about the terms of a plea agreement can never constitute an 'extraordinary circumstance' under *Baker* when the court conducts a proper, clear, and thorough plea colloquy").

If counsel's failings had caused Petitioner any misperceptions regarding the range of outcomes, the trial court corrected those misperceptions at the plea hearing. *Ramos v. Rogers*, 170 F.3d 560, 565 (6th Cir. 1999) ("[T]he state trial court's proper colloquy can be said to have cured any misunderstanding Ramos may have had about the consequences of his plea.") Petitioner's self-

serving averment that "[h]ad he known that he would get a mandatory 25 year sentence he would have gone to trial[,]" is unconvincing. (Aff., ECF No. 10-5, PageID.171.) Where a defendant indicates on the record that he understands the specific consequences of his plea, he is "'bound by his statements[.]'" *Ramos*, 170 F.3d at 566 (quoting *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986)). To hold otherwise would "[render] the plea process meaningless . . . ." *Id.* Indeed, "the plea colloquy process exists in part to prevent petitioners . . . from making the precise claim that is today before" the Court. *Id.* Accordingly, Petitioner has failed to show that he suffered any prejudice as a result of counsel's alleged ineffectiveness.

Petitioner also suggests that he was forced into entering a plea of guilty because his counsel failed to show any interest in taking Petitioner's case to trial. (Mem., ECF No. 2, PageID.19.) Claims about the deprivation of constitutional rights, such as claims that counsel failed to adequately prepare Petitioner's case for trial, that occur before the entry of a guilty plea are foreclosed by that plea. *See United States v. Broce*, 488 U.S. 563, 569 (1989); *Tollett*, 411 U.S. at 267. The United States Supreme Court has explained:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within [constitutional standards].

*Tollett*, 411 U.S. at 267. Consequently, a knowing and voluntary guilty plea waives all nonjurisdictional defects in the proceedings, including a claim of ineffective assistance of counsel that does not relate to the voluntariness of the plea. *See United States v. Stiger*, 20 F. App'x 307, 308–09 (6th Cir. 2001). Petitioner's claims of ineffective assistance do not attack the voluntary or

intelligent nature of his plea by showing that counsel's advice was inadequate, but instead relate to earlier alleged constitutional deprivations. His claims have therefore been waived by his subsequent guilty plea. *See Stiger*, 20 F. App'x at 308-09; *see also United States v. Bohn*, 956 F.2d 208, 209 (9th Cir. 1992) (pre-plea ineffective assistance of counsel claims are waived).

II. Guidelines scoring errors

Petitioner seeks resentencing because of the mis-scoring of Offense Variable 13.[2] That claim is not cognizable on habeas review.

"[A] federal court may issue the writ to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" *Wilson v. Corcoran*, 131 S. Ct. 13, 16 (2010) (quoting 28 U.S.C. § 2254(a)). A habeas petition must "state facts that point to a 'real possibility of constitutional error.'" *Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977) (quoting Advisory Committee Notes on Rule 4, RULES GOVERNING HABEAS CORPUS CASES). The federal courts have no power to intervene on the basis of a perceived error of state law. *Wilson*, 131 S. Ct. at 14; *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Estelle v. McGuire*, 502 U.S. 67-68 (1991); *Pulley v. Harris*, 465 U.S. 37, 41 (1984). Claims concerning the improper application of sentencing guidelines are state-law claims and typically are not cognizable in habeas corpus

---

[2] Offense Variable 13 looks beyond the sentencing offense to determine whether the offense was part of a larger pattern of felonious criminal activity. MICH. COMP. LAWS § 777.43. The court concluded that Petitioner should be scored at 50 points because the sentencing offense was part of a pattern involving 3 or more sexual penetrations against a person less than 13 years of age, within a five-year period. MICH. COMP. LAWS § 777.43(1)(a), (2)(a). The trial court relied on the presentence investigation report "which indicated that during the course of the interview, the defendant said that he 'possibly' touched three or four children and may have done so twenty to twenty-five times. In about five instances, his conduct was greater than simply rubbing breasts and that his conduct happened mostly when they were sleeping. There are a lot of modifiers there, but the totality of the circumstances convinced the Court that in this case, Offense Variable 10 will be scored at 10 points, and there's abundant evidence to support the scoring of 50 points for Offense Variable 13." (Sentencing Tr., ECF No. 10-3, PageID.144.) The trial court revisited the matter in resolving Petitioner's post-judgment motion for resentencing, providing even more detail to support the scoring of 50 points on Offense Variable 13. (Mot. Hr'g Tr., ECF No. 10-4, PageID.150.)

proceedings. *See Hutto v. Davis*, 454 U.S. 370, 373-74 (1982) (federal courts normally do not review a sentence for a term of years that falls within the limits prescribed by the state legislature); *Austin v. Jackson*, 213 F.3d 298, 301-02 (6th Cir. 2000) (alleged violation of state law with respect to sentencing is not subject to federal habeas relief); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999) (the sentencing guidelines establish only rules of state law). There is no constitutional right to individualized sentencing. *Harmelin v. Michigan*, 501 U.S. 957, 995 (1991); *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995); *see also Lockett v. Ohio*, 438 U.S. 586, 604-05 (1978). Moreover, a criminal defendant has "no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt*, 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004); *accord Austin v. Jackson*, 213 F.3d 298, 300 (6th Cir. 2000); *Lovely v. Jackson*, 337 F. Supp. 2d 969, 977 (E.D. Mich. 2004); *Thomas v. Foltz*, 654 F. Supp. 105, 106-07 (E.D. Mich. 1987).

Although state law errors generally are not reviewable in a federal habeas proceeding, an alleged violation of state law "could, potentially, 'be sufficiently egregious to amount to a denial of equal protection or of due process of law guaranteed by the Fourteenth Amendment.'" *Bowling v. Parker*, 344 F.3d 487, 521 (6th Cir. 2003) (quoting *Pulley v. Harris*, 465 U.S. 37, 50 (1984)); *see also Doyle*, 347 F. Supp. 2d at 485 (a habeas court "will not set aside, on allegations of unfairness or an abuse of discretion, terms of a sentence that is within state statutory limits unless the sentence is so disproportionate to the crime as to be completely arbitrary and shocking.") (citation omitted). Petitioner's sentence is not so egregious or disproportionate to his crime as to be arbitrary or shocking. It is well short of the maximum penalty of life imprisonment permitted by statute.

A sentence might also violate due process if it is based upon material "misinformation of constitutional magnitude." *Roberts v. United States*, 445 U.S. 552, 556 (1980)); *see also United States v. Tucker*, 404 U.S. 443, 447 (1972); *Townsend v. Burke*, 334 U.S. 736, 741 (1948). To prevail on such a claim, the petitioner must show (1) that the information before the sentencing court was materially false, and (2) that the court relied on the false information in imposing the sentence. *Tucker*, 404 U.S. at 447; *United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984).

Petitioner's challenge falls well short of claiming that the information before the court was materially false. His argument would be more accurately characterized as claiming the information the court relied upon was insufficient or unreliable. But where, as is the case here, the trial court has made a factual finding that Petitioner committed three or more sexual penetrations against a person less than 13 years of age, that finding is presumed correct. To overcome that presumption Petitioner must present clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1); *Lancaster*, 324 F.3d at 429; *Bailey*, 271 F.3d at 656. Petitioner does not even attempt to make that showing. Accordingly, his challenge fails.

Petitioner's argument that his counsel was constitutionally ineffective for failing to challenge the scoring of Offense Variable 13 also fails. Petitioner's trial counsel challenged the scoring of Offense Variable 13 at sentencing. (Sentencing Tr., ECF No. 10-3, PageID.144.)[3] Even if counsel had not challenged the scoring it would not be objectively unreasonable because the

---

[3]Counsel argued "With regard to offense variable number 13, Mr. Rearick was scored 50 points due to the fact that they had counted what they said were three or more sexual penetrations. And nowhere in the evidence do I see that he had ever pled to more than one penetration, digital/vaginal, with his granddaughter, and I don't think the police report even substantiates any more than that in terms of sexual penetration. So I think that should be scored as zero." (Sentencing Tr., ECF No. 10-3, PageId.144.)

challenge would have been meritless.[4]  The Sixth Circuit has held that "'counsel cannot be ineffective for a failure to raise an issue that lacks merit.'" *Willis v. Smith*, 351 F.3d 741, 745 (6th Cir. 2003) (quoting *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001)). *See also Smith v. Bradshaw*, 591 F.3d 517, 523 (6th Cir. 2010). "Omitting meritless arguments is neither professionally unreasonable nor prejudicial." *Coley v. Bagley*, 706 F.3d 741, 752 (6th Cir. 2013).

Moreover, even if counsel's argument were so deficient as to be considered objectively unreasonable, Petitioner cannot show prejudice, because the scoring had no effect on the sentence. The mandatory minimum twenty-five year sentence rendered the point-by-point scoring of the guidelines immaterial. 501 U.S. at 965; *United States v. Marks*, 209 F.3d 577, 583 (6th Cir. 2000). Petitioner's guidelines scoring challenge lacks merit.

**Recommended Disposition**

For the foregoing reasons, I respectfully recommend that the habeas corpus petition be denied. I further recommend that a certificate of appealability be denied. See *Slack v. McDaniel*, 529 U.S. 473 (2000).

Dated:  April 19, 2017                              /s/ Ray Kent
                                                    RAY KENT
                                                    United States Magistrate Judge

---

[4]Guidelines scoring is a state law issue. It is not the province of a federal habeas court to re-examine state-law determinations on state-law questions. *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Estelle*, 502 U.S. at 68. The decision of the state courts on a state-law issue is binding on a federal court. *See Wainwright v. Goode*, 464 U.S. 78, 84 (1983); *see also Stumpf v. Robinson*, 722 F.3d 739, 746 n.6 (6th Cir. 2013) (quoting *Bradshaw*, 546 U.S. at 76). The state courts here concluded the scoring of Offense Variable 13 was proper.

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).